AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.   19-mj-7169-JCB
20 Adams Street, Danvers, Massachusetts, 2d Floor )
)
)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Massachusetts_____
*(identify the person or describe the property to be searched and give its location)*:

20 Adams Street, Danvers, Massachusetts, 2d Floor as described on Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

items described on Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 27, 2019_____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Jennifer C. Boal_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  June 13, 2019  11:30 a.m.         _____/s/ J. C. Boal_____
                                                                            *Judge's signature*

City and state:     Boston, Massachusetts              Hon. Jennifer C. Boal, U.S. Magistrate Judge
                                                                          *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 19-mj-7169-JCB | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## LOCATION TO BE SEARCHED

The premises located at 20 Adams Street, Danvers, Massachusetts, 2nd Floor (the SUBJECT PREMISES), which is described and pictured below, is located within a two story multi family residence with light brown vinyl siding. The number 20 appears on the right pillar toward the top of the front staircase. There are two black mailboxes located on the pillars toward the top of the front staircase. The mailbox for 2nd Floor is located to the right of the top of the front staircase and the name "CORBETT" and "2nd Floor" is printed on the mailbox. There is a staircase inside the front door on the right (facing the house from the street).



## ATTACHMENT B

## ITEMS TO BE SEIZED

I. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of 18 U.S.C. § 2252A, including:

    A. Records and tangible objects pertaining to the following topics:

        1. Child pornography and child erotica; and

        2. Communications with any other person that relates to the sexual exploitation of children.

    B. For any computer hardware, computer software, computer-related documentation, or storage media called for by this warrant or that might contain things otherwise called for by this warrant, belonging to or used by Joseph CORBETT ("the computer equipment"):

        1. evidence of who used, owned, or controlled the computer equipment;

        2. evidence of computer software that would allow others to control the items, evidence of the lack of such malicious software, and evidence of the presence or absence of security software designed to detect malicious software;

        3. evidence of the attachment of other computer hardware or storage media;

        4. evidence of counter forensic programs and associated data that are designed to eliminate data;

        5. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events

relating to the crime(s) under investigation and to the computer user;

6. passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

7. records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage of either data or storage media; and

8. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

9. passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

10. documentation and manuals that may be necessary to access the computer equipment or to conduct a forensic examination of the computer equipment;

11. records of or information about Internet Protocol addresses used by the computer equipment;

12. records of or information about the computer equipment's Internet activity; and

13. contextual information necessary to understand the evidence described in this attachment.

C. Records, information, and items relating to the ownership or use of computer equipment and other electronic storage devices found in or on the LOCATION TO BE SEARCHED.

II. All computer hardware, computer software, computer-related documentation, and storage media. Off-site searching of these items shall be limited to searching for the items described in Paragraph I.

**DEFINITIONS**

For the purpose of this warrant:

A. "Computer equipment" means any computer hardware, computer software, computer-related documentation, storage media, and data.

B. "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cellular telephone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D. "Computer related documentation" means any material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

E. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

F.  "Data" means all information stored on storage media of any form in any storage format and for any purpose.

G.  "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

### RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If the computer equipment contains contraband, it will not be returned. If the computer equipment cannot be returned, agents will attempt to make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband or the fruits or instrumentalities of crime.